## Deaton v. Commonwealth.

(Decided June 17, 1924.)

### Appeal from Laurel Circuit Court.

Animals—Conviction for Shooting Horse Not Sustained.—Evidence held insufficient to sustain a conviction for shooting and killing a mare under Ky. Stats., section 1249.

FINLEY HAMILTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Hobart Deaton was indicted in the Laurel circuit court under section 1249, Kentucky Statutes, for shooting and killing a mare, the property of Mrs. McKnight. A trial resulted in his conviction and he appeals, asserting that the evidence introduced by the Commonwealth was insufficient to warrant the jury in finding him guilty and to support the verdict. Appellant was only 17 years of age at the time of the commission of the offense, and he says he is not guilty, and he is sustained in this by the evidence of two or more witnesses.

For the Commonwealth it is shown that on a certain Sunday morning, early, he took a shotgun and went into a nearby hill to kill squirrels which had been seen by members of the family the day before. After remaining in the woods for some time he started home, but seeing two horses in his father's corn field near the river he called his younger brother and gave him the gun to carry to the house, while appellant drove the horses out of the corn and across the river on to the lands of Mrs. McKnight. In doing this he was assisted by his brother Walter. He states positively that he did not shoot either of the horses, and there is no evidence in the record which would make it reasonably certain that he did do so.

Mrs. McKnight, the owner of the mare which was shot and later died, says she does not know who inflicted the wound but that she heard two shots in the direction of the corn field about eleven o'clock on Sunday morning, and that later her two horses came home and she discovered some time that afternoon that they had been shot. She stated she did not know appellant Deaton although it

appears that appellant lived with his father on an adjoining farm. Another witness for the Commonwealth testified that he saw appellant and his brother driving the horses out of the corn near the river, but that he did not see either of them with a gun; that he heard a shot in the direction of the river a short time before he saw appellant and his brother driving the horses from the corn field. Another witness testified he was present when the shots were taken out of the horses and that they were No. 2 and No. 3 shots and were not No. 5 shots, the size used in appellant's gun.

The evidence introduced by the Commonwealth would as well convict appellant's father or his brother as him. It was enough to raise a suspicion against appellant but not sufficient to have warranted the jury in concluding appellant fired the shots that caused the death of the mare. The verdict was therefore flagrantly against the evidence, for which reason the judgment entered thereon is reversed for proceedings consistent herewith.

Judgment reversed.